CHAPLIN vs. WARNER.

*Evidence: What admissible, on question of damages for breach of warranty.*

1. On the question of damages for a breach of warranty, evidence of the value of property exchanged for the warranted article, is admissible, as tending to show what would have been the value of the latter, if as warranted, where it does not appear that the money value of either the warranted article, or the property given in exchange, was settled by the parties at the time of the exchange.

2. It is doubtful whether such evidence would be admissible to disprove a warranty.

APPEAL from the Circuit Court for *Sheboygan* County. The plaintiff appealed from a judgment for the defendant.

*J. A. Bentley*, for appellant.

*J. N. Jones*, for respondent.

PAINE, J.    This action was brought to recover damages for a breach of warranty of the soundness of a horse purchased by the plaintiff from the defendant. It appeared on the trial, that the consideration given for the horse, and a small account against several parties for his services, was two lots and two cutters. And the only error complained of by the appellant was, the admission, on the trial, of evidence of the value of the lots and cutters. It is said that the rule of damages, if there was a breach of warranty, was the difference between the value of the horse as he was in fact, and his value as he would have been if as warranted; and hence, that the evidence as to the value of the lots and cutters was immaterial to the issue, and tended to prejudice the plaintiff's case.

I can readily see that this might be so if the parties had agreed upon an estimate of the value, in money, of the property conveyed. If the plaintiff had agreed to pay $400 for the horse, and the defendant had agree to take the lots and cutters in payment at the estimate of $400, to allow the latter, then, in a

suit for a breach of warranty of the horse, to prove, on the question of damages, the value of the lots and cutters to have been only half what he agreed to allow for them, would be to let him recover in that way what he had lost on a losing bargain. But it does not appear here that any estimate was fixed upon as the value of the horse, or of the lots and cutters. The defendant offered his horse for $400; the plaintiff said his lots were valued by different persons at from $200 to $300; but the contract was finally closed upon the proposition to sell the horse for the lots and cutters. Upon such a state of facts, there are cases holding that on the question of damages for a breach of the warranty, evidence may be given of the value of the property exchanged for the warranted article, as tending to show what would have been its value if as warranted. I am inclined to think the evidence admissible for that purpose. If the consideration had been paid in money, the amount paid would clearly be proper to consider in showing the value of the warranted property, if as warranted. And upon the same principle, where one article is exchanged for another, no stipulated price being agreed upon as to either, it would seem proper to show the value of the thing exchanged, as furnishing a criterion by which to judge the value of the thing warranted. It shows the consideration paid. *Fisk v. Hicks,* 11 Foster (N. H.) 535; *Cary v. Gruman,* 4 Hill, 625.

It is at least extremely doubtful whether this evidence was admissible for the purpose of showing that there was no warranty. But, upon the grounds above mentioned, there was no error in admitting it, as tending to show the value of the horse, if sound, by showing the value of what was paid for him with a warranty of soundness.

*By the Court.*—The judgment is affirmed, with costs.